# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL F. WAHBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12 C 6975 |
| ) | |
| KELLOGG CO., ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Michael Wahba, Ph.D., has filed a *pro se* lawsuit against Kellogg Co. for discrimination based on age, national origin, and disability. Dr. Wahba lives in Chicago. He applied for a number of positions at Kellogg in early 2011, was interviewed by telephone at some point, and then had a face to face interview in Battle Creek, Michigan. He was not offered any of the positions for which he applied. He has sued Kellogg under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act (ADA).

Kellogg has moved to dismiss or transfer the case, arguing that it was filed in the wrong venue, or alternatively that the Western District of Michigan, where Battle Creek lies, is a more convenient venue. Dr. Wahba objects to dismissal or transfer.

Initially, Dr. Wahba has asked the Court to stay the case "for a year or so" due to his medical condition. The Court has had occasion to interact with Dr. Wahba in the courtroom on several occasions, and it has nothing but sympathy for Dr. Wahba as he

deals with the serious medical issues that he faces. But the legal issues concerning the appropriate venue for the case will not change with time, and Kellogg is entitled to a ruling on the issues it has raised. If the case ends up proceeding in a different venue, Dr. Wahba will, of course, be entitled to ask the judge presiding over the case to delay the case for medical reasons (and/or recruit counsel to represent Dr. Wahba pursuant to 28 U.S.C. § 1915).

In arguing that venue is inappropriate in this district, Kellogg relies on Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), which also applies to lawsuits under the ADA. *See* 42 U.S.C. § 12117(c). The statute provides, in relevant part, that a lawsuit under Title VII or the ADA

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Kellogg says that each of the three statutory venue tests points to the Western District of Michigan: the non-hiring occurred there, the relevant records of Kellogg are located there, and Dr. Wahba would have worked there had he been hired.

The ADEA, unlike Title VII and the ADA, does not have its own venue provision, so the general venue-setting statute, 28 U.S.C. § 1391, applies. Under this statute, an action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391(b) is arguably a more generous venue-setting statute than section 2000e-5(f)(3), but the Court agrees with Judge Lynn Adelman's thorough analysis in *Pacer Global Logistics, Inc. v. Natl. Passenger R.R. Corp.*, 272 F. Supp. 784 (E.D. Wis. 2003), that when a single case involves claims that are subject to the general venue statute, and other claims arising from the same core facts that are subject to a specific venue statute, the specific venue statute controls and applies to all of the claims in the case. *See id.* at 790-91.

Dr. Wahba argues that the unlawful employment practice, or at least part of it, effectively took place in Chicago. He contends that when he was interviewed by telephone here, the Kellogg interviewers asked for his birth date, and he gave it to them. The Court assumes, for purposes of discussion, that the "unlawful employment practice," as section 2000e-5(f)(3) uses that term, can in a given case take place in more than one district and thus permit the filing of suit in more than one district. The evidence that Dr. Wahba cites certainly bears on his ADEA claim. But it is noteworthy that his application did not end with the telephone interview. Rather, even though the Kellogg interviewers apparently knew Dr. Wahba's age, they invited him to Battle Creek for a face-to-face interview. It was only after the face-to-face interview in Battle Creek that he was turned down. Given these events, the Court concludes that the "unlawful

3

employment practice," assuming there was one, took place in the Western District of Michigan, not in the Northern District of Illinois.

Because Dr. Wahba offers no other basis to conclude that venue would be proper in this district, the Court concludes that this district is not the proper venue for the case.

Having found that venue does not lie in this district, the Court may dismiss the case, or it may transfer the case to an appropriate district. *See* 28 U.S.C. § 1406(a). The Court wishes to inquire of Dr. Wahba in person before deciding on what course to take. Dr. Wahba can request any of three alternatives. The first is dismissal of the case. Dr. Wahba should be aware, however, that if the case is dismissed, it likely will mean the end of the case for all time, given the time limits for filing lawsuits under the statutes at issue. The second and third alternatives both involve transfer. Section 2000e-5(f)(3) permits a lawsuit to be venued in *any* judicial district in the state in which the alleged unlawful employment practice took place. Thus either the Western District of Michigan, where Kellogg is located, or the Eastern District of Michigan would be an appropriate venue under the statute. Dr. Wahba will need to advise the Court which of these districts he prefers, if he wants the case to be transferred rather than dismissed. (He should be aware, however, that if the Court transfers the case to the Eastern District of Michigan, Kellogg may well seek a transfer to the Western District as a more convenient forum under 28 U.S.C. § 1404(a).)

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion to stay [dkt. no. 18] and, on defendant's motion to dismiss or transfer, concludes that venue is

4

inappropriate in this district and therefore grants the motion [dkt. no. 11]. The Court will not dismiss or transfer the case, however, until getting further input from the parties as described above. The case is therefore set for a status hearing on May 1, 2013 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 12, 2013