UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL WAHBA,

        Plaintiff,                                   Hon. Janet T. Neff

v.                                                 Case No. 1:13-CV-637

KELLOGG COMPANY,

        Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion to Dismiss Plaintiff's ADA Claim</u>. (Dkt. #32). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of civil complaints, the undersigned recommends that Defendant's motion be **granted**.


## BACKGROUND

Plaintiff initiated the present action in the United States District Court for the Northern District of Illinois on August 29, 2012. (Dkt. #1). The following allegations are contained in Plaintiff's complaint. Defendant Kellogg Company "failed to hire the plaintiff" on or about May 20, 2011. This decision was based upon Plaintiff's age, disability, and national origin in violation of federal law. Specifically, Plaintiff alleges that Defendant violated the Age Discrimination Employment Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964.

1

Plaintiff seeks monetary and injunctive relief.

On June 6, 2013, the Honorable Matthew F. Kennelly, finding that venue was inappropriate in the Northern District of Illinois, ordered that the matter be transferred to this Court. (Dkt. #28). On June 14, 2013, Defendant filed the present motion to dismiss Plaintiff's claims under the Americans with Disabilities Act (ADA). (Dkt. #32). Plaintiff has failed to respond to Defendant's motion.

## **ANALYSIS**

Plaintiff alleges that Defendant violated his rights under the Age Discrimination Employment Act, the Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Act of 1964. Defendant asserts that Plaintiff's ADA claim must be dismissed because Plaintiff failed to properly exhaust his administrative remedies relative to such claim.

A plaintiff must satisfy two prerequisites before bringing a Title VII action in federal court. He must first file a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). *See Granderson v. University of Michigan*, 211 Fed. Appx. 398, 400 (6th Cir., Dec. 12, 2006); *Harris v. Giant Eagle, Inc.*, 133 Fed. Appx. 288, 292 (6th Cir., May 27, 2005). He must then initiate his action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See Granderson*, 211 Fed. Appx. at 400; *Harris*, 133 Fed. Appx. at 292.

Plaintiff filed a complaint with the EEOC on August 17, 2011. (Dkt. #33, Exhibit A). In his complaint, Plaintiff alleged that he was discriminated against on the basis of "age" and "national origin." Plaintiff did not select the box for discrimination based on "disability." On the same date, Plaintiff also completed a EEOC "Intake Questionnaire." (Dkt. #1). On this particular

form, Plaintiff alleged that he was discriminated against on the basis of "race," "age," and "national origin." Again, Plaintiff did not select the box for discrimination based on "disability."

On April 6, 2012, the EEOC dismissed Plaintiff's complaint and issued a right-to-sue letter. (Dkt. #1). As previously noted, Plaintiff does not appear to have initiated the present action until August 29, 2012. While this raises a question as to whether Plaintiff initiated the present action within 90 days of receiving his right-to-sue letter, Defendant does not seek relief on this ground. Instead, Defendant asserts that because Plaintiff's EEOC complaint failed to include allegations of discrimination based on disability, Plaintiff is precluded from now asserting in this Court claims arising under the ADA. The Court agrees.

A plaintiff cannot assert a Title VII claim in federal court unless he first pursued such before the EEOC. *See Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). The Sixth Circuit has cautioned, however, that a pro se plaintiff's complaint to the EEOC must be "liberally construed." *Tisdale*, 415 F.3d at 527 (quoting *Haithcock*, 958 F.2d at 675); *see also*, *Duggins v. Steak 'N Shake*, 195 F.3d 828, 831-32 (6th Cir. 1999). Nevertheless, "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Tisdale*, 415 F.3d at 527 (quoting *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)). Accordingly, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale*, 415 F.3d at 527 (quoting *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)).

In his complaint to the EEOC, Plaintiff alleged that he was "discriminated against

3

because of my national origin. . .[and] because of my age." (Dkt. #33, Exhibit A). Likewise, in his accompanying Intake Questionnaire, Plaintiff alleged that he was discriminated against on the basis of his race, age, and national origin. Even interpreting Plaintiff's EEOC complaint liberally, the Court finds that it fails to allege facts that could reasonably be expected to prompt an investigation under the Americans with Disabilities Act. The undersigned, therefore, recommends that Plaintiff's ADA claim be dismissed because Plaintiff failed to properly exhaust such before initiating the present action.

## CONCLUSION

As detailed herein, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's ADA Claim, (Dkt. #32), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                        Respectfully submitted,

Date: August 7, 2013                                      /s/ Ellen S. Carmody
                                                                                 ELLEN S. CARMODY
                                                                                 United States Magistrate Judge