UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL WAHBA,

    Plaintiff,

v.

KELLOGG COMPANY,

    Defendant.

_____/

Hon Janet T. Neff

Case No. 1:13-cv-00637

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Prosecution and for an Award of Attorney Fees (Dkt. 84), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). For the reasons stated herein, the undersigned recommends that defendant's motion to dismiss be granted and that the request for an award of attorney's fees be denied.

Plaintiff relies on facts occurring in May of 2011 as the basis for this lawsuit. The complaint was filed on August 29, 2012 in the Northern District of Illinois and was transferred to this court on June 6, 2013. Plaintiff alleges that defendant Kellogg Company discriminated when it failed to hire him as of May 20, 2011, in violation of the Age Discrimination and Employment Act ("ADEA"), the Americans with Disability Act ("ADA"), and Title VII of the Civil Rights Act of 1964 (Dkt. 1). Plaintiff's ADA claim was previously dismissed by this court (Dkt. 47, 64).

Defendant sought to compel plaintiff to respond to written discovery requests. The matter was set for hearing. Plaintiff responded to the motion to compel requesting an adjournment of the hearing and outlining a litany of medical complaints from which he suffers (Dkt. 74). The court adjourned the hearing without date and decided the motion without hearing. On April 11, 2014, the court entered its order compelling plaintiff to comply with this discovery obligations. The court also warned that plaintiff's failure to do so would subject him to dismissal upon a report and recommendation of the magistrate judge (Dkt. 77). The court gave plaintiff more time than usual to comply with the court's order, i.e., 60 days, because of plaintiff's complaints of poor health. On December 6, 2013, the court entered a case management order designating July 18, 2014 as the deadline by which to conduct discovery (Dkt. 63). Defendant filed its motion to dismiss on July 15, 2014, alleging that plaintiff has wholly failed and refused to comply with the court's order. Plaintiff responded to this with updates and additional information regarding plaintiff's condition. Plaintiff reiterated a litany of medical and other complaints (Dkt. 92). Plaintiff failed to provide any responses to the discovery requests, nor did he indicate any intention of doing so at any time in the near future.

ANALYSIS

Although the court is not unsympathetic to plaintiff's allegation of a myriad of medical complaints, it is apparent that to continue this litigation given its history to date is highly prejudicial and unjust to the Kellogg Company. As noted by defendant in its motion, there are three sources of authority to dismiss this case for failure to prosecute. *See, Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094, n.1 (6th Cir. 1994). Fed. R. Civ. P. 37(b)(2)(A)(v) permits dismissal where a party fails to obey an order to provide or

permit discovery. *See, Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988). Fed. R. Civ. P. 41(b) permits the court in voluntarily dismiss an action if the plaintiff fails to prosecute his case or to comply with the court order. *See, Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). Finally, it is in the court's inherent power to protect the due and orderly administration of justice and maintain the authority and dignity of the court. *See, Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir. 2005)(unpublished)(citing *Cooke v. United States*, 267 U.S. 517, 539 (1925)).

Four factors are to be considered when deciding whether an involuntary dismissal of the complaint is appropriate:

(1) Whether the party's failure to cooperate is due to willfulness, bad faith or fault;

(2) Whether the defendant is prejudiced by the party's failure;

(3) Whether the party to be dismissed was warned that failure to cooperate could lead to dismissal; and

(4) Whether less drastic sanctions were imposed or considered prior to dismissal.

*Regional Refuse Sys., Inc. v. Inland Reclamation Co.* 842 F.2d 150, 153-55 (6th Cir. 1988); *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

<u>Factor 1 – Plaintiff Is at Fault.</u>

The court finds no evidence of willfulness on plaintiff's part. However, the court does find fault to the point of bad faith. It is apparent that plaintiff is unable and/or unwilling to pursue this matter. He has acted with utter disregard to the rights of defendant to the just and orderly administration of justice. This case has been pending since August 29, 2012 with no progress whatsoever made. Plaintiff has failed to respond to discovery served more than six months ago, and according to defense

3

counsel, has even failed to supply a response date. Plaintiff is clearly in violation of this court's April 11, 2014 order. For whatever combination of reasons, plaintiff has not progressed his case at all.

### Factor 2 – Defendant Is Clearly Prejudiced by Plaintiffs Lack of Progress

It is now three years since the conduct upon which plaintiff's claim is based allegedly occurred. Defendant has undertaken resistance to stays and unsuccessful interlocutory appeals to attempt to move this case forward. Defendant has clearly wasted time, money and effort to defend itself. This cannot continue.

### Factor 3 – Plaintiff Has Been on Notice That Dismissal Is Possible

Since at least April 11, 2014, plaintiff has clearly been on notice that his complaint might be dismissed if he did not respond to defendant's discovery requests within 60 days. This key consideration in the analysis regarding dismissal has been met in this case. *See, Stough v. Mayville Comm'y Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).

### Factor 4 – Consideration of Lesser Sanctions

Although the court has not imposed previous sanctions for plaintiff's conduct, this was because of plaintiff's litany of alleged medical and other issues. Plaintiff failed to appear at the earlier scheduled hearing and instead requested an adjournment. Based on plaintiff's own pleadings, it does not appear that plaintiff is able or willing to prosecute this matter. The undersigned has considered lesser sanctions and has concluded that the prejudice to defendant far outweighs the benefit of imposing lesser sanctions.

## ATTORNEY FEES

The undersigned does not recommend an imposition of attorney fees. It appears that the imposition of such a penalty would be unjust given that it is highly unlikely that plaintiff is capable of paying such fees.

## CONCLUSION

For the reasons stated above, the undersigned recommends that defendant's motion to dismiss (Dkt. 84) be GRANTED with the motion for attorney fees DENIED.

Date:  February 26, 2015  /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).