UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WAHBA,

    Plaintiff,                                     Case No. 1:13-cv-637

v                                                  HON. JANET T. NEFF

KELLOGG COMPANY,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Michael Wahba initiated this employment discrimination action against Defendant Kellogg Company on August 29, 2012. Defendant has since filed a Motion to Dismiss (Dkt 84), seeking dismissal based on lack of prosecution and its attorney fees (Dkt 84). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on February 26, 2015 (R&R, Dkt 94), recommending that this Court dismiss the case for lack of prosecution but deny Defendant's request for attorney fees. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Objs., Dkt 96). Defendant did not object to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which Plaintiff has made objections. The Court denies Plaintiff's objections and issues this Opinion and Order.

As a threshold matter, the Court observes that Plaintiff filed his objections on March 19, 2015, after the 14-day period for submitting objections had expired. Plaintiff claims that he did not receive the Report and Recommendation until March 7, 2015, but the Court's docket indicates that the Report and Recommendation was mailed to Plaintiff on February 27, 2015. Nevertheless, the Court will consider Plaintiff's objections.

The Clerk's Office docketed Plaintiff's document as "Objections" to the Magistrate Judge's Report and Recommendation, but Plaintiff himself titled his document "Response to the Recommendation of February 26th, 2012 [sic]." The title is appropriate as Plaintiff largely does not object to the Report and Recommendation. Rather, Plaintiff indicates, "I do agree that [the] court has given opportunities to respond to the defendant['s] requested information and I failed to do so," and Plaintiff expresses his appreciation that "the court was able to see clearly that I will never be able [to] pay any kind of financial sanctions" (Objs., Dkt 96 at 1). In addition to restating his claims of discrimination (*id.* at 3-4), Plaintiff delineates a series of medical ailments as well as an identity theft and certain legal malpractice actions that he asserts have prevented him from being an active participant over the years this litigation has been pending (*id.* at 1-2, 5).

Of the four factors relevant to deciding whether an involuntary dismissal of a complaint is appropriate, Plaintiff only tangentially addresses the first factor, claiming "I was never uncooperative in providing required information. I was simply unavailable to take care of many important things in my life for a long period" (Objs., Dkt 96 at 5). Plaintiff's claim, in addition to being internally inconsistent, fails to demonstrate any legal or factual error by the Magistrate Judge in her analysis. Moreover, Plaintiff does not address any of the remaining factors discussed by the Magistrate Judge in her analysis of Defendant's motion to dismiss (R&R, Dkt 94 at 3-4). Plaintiff

does not dispute that the lack of progress in this case has prejudiced Defendant. Plaintiff does not dispute that he has been on notice that his case could potentially be dismissed, and Plaintiff does not contest the Magistrate Judge's determination that the prejudice to Defendant far outweighs the benefit of imposing lesser sanctions.

The Court notes that in concluding his objections, Plaintiff states, "I wish that the above case will be opened until it is brought into a fair and swift conclusion. *I am still too busy fighting for my health and I am not catching up yet*" (Objs., Dkt 96 at 5) (emphasis added). Whether Plaintiff's purported maladies and misfortunes cause him to be unable or unwilling to pursue this matter, Plaintiff himself casts a dim light on his ability to participate moving forward.

In short, even if Plaintiff had timely filed his objections, the objections lack merit and do not demonstrate that a resolution of Defendant's motion different from the Magistrate Judge's recommendation is warranted. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt 94) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 84) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and

Recommendation; specifically, Defendant's request to dismiss this case for lack of prosecution is granted, but Defendant's request for attorney fees is denied.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. See *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).


Dated: April 15, 2015                     /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge